# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOE JULIAN ACREE<br><br>　　　　　Plaintiff,<br><br>v.<br><br>U.S. SUPREME COURT,<br>OBERGEFELL VS. HODGES,<br>#14-556 DECISION,<br><br>　　　　　Defendants, | Case No. CIV-20-054-RAW |

## ORDER

Now before the court is the Defendant Supreme Court of the United States' Motion to Dismiss [Docket No. 9] requesting the court dismiss Plaintiff's Complaint on the grounds that Plaintiff fails to state a claim for which relief may be granted, pursuant to Fed.R.Civ.P. 12(b)(1), lacks subject matter jurisdiction pursuant to Fed.R.Civ.P. 12(b)(6),  and lacks standing to assert a challenge to the Supreme Court's decision in *Obergefell v. Hodges*, 135 S.Ct. 2584 (2015).

### Standard of Review

For purposes of the motion to dismiss, the court accepts as true all of the factual allegations in Plaintiff's Complaint and construes those facts in the light most favorable to Plaintiff.  *See Anderson v. Merrill Lynch Pierce Fenner & Smith, Inc.*, 521 F.3d 1278, 1284 (10th Cir. 2008). The court does not accept as true conclusory statements or legal conclusions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)( "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice.")).  To survive the Rule 12(b)(6) motion to dismiss, the Complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S.

The court lacks subject matter jurisdiction over the Plaintiff's claims.  Courts have routinely dismissed for lack of subject matter jurisdiction claims requesting the lower courts to review decisions of, or compel action by, the Supreme Court and its Justices.  *See e.g., Harris v. Higgins*, 1997 WL 411664 at *1 (D.C. Cir. Feb. 26, 1999).  Further, the court lacks subject matter jurisdiction because Plaintiff lacks standing to bring this action.  Plaintiff has not alleged any direct injury or threat of injury to himself as a result of the Supreme Court's *Obergefell* decision.

Plaintiff's Complaint fails to state a declaratory judgment claim under the Declaratory Judgment Act, 28 U.S.C. § 2201, rather Plaintiff's Complaint appears to seek re-adjudication of the rights of same-sex couples to marry in the United States and to have this court declare *Obergefell* to be wrongly reasoned and decided.  Again, Plaintiff's Complaint does not allege a real or immediate threat of personal injury to Plaintiff as a result of the *Obergefell* decision and no "actual controversy" exists for which this court may enter a declaratory judgment.

To the extent Plaintiff's Complaint may be construed as alleging claims against the individual Justices of the Supreme Court writing for the majority in *Obergefell*, these claims are barred by the doctrine of judicial immunity.  The "rationale for providing absolute judicial immunity applies with particular force" with respect to the Supreme Court because the Justices "are the final arbiters of the interpretation of the United States Constitution, and the Supreme Court's decisions are binding on all lower federal courts and all state courts."  *See Burdick v. Kennedy*, No. 2:16-cv-313, 2016 WL 7974648 at *1 (N.D. Ala. Oct. 27, 2016).  Because individual

Justices were acting in their judicial capacity, all of Plaintiff's claims, for any damages or declaratory relief, should be dismissed for failure to state a claim upon which relief can be granted.

Upon full consideration of the record and the issues herein, this court finds that the Complaint provides no legal authority to identify a constitutional, statutory, or procedural vehicle by which Plaintiff has standing to assert a claim directly against the Supreme Court for a decision with which he disagrees.

**IT IS THEREFORE ORDERED**  that the Defendant's Motion to Dismiss should be granted with prejudice as amendment would be futile.

Dated this 12th day of May, 2020.

_____
**THE HONORABLE RONALD A. WHITE**
**UNITED STATES DISTRICT JUDGE**
**EASTERN DISTRICT OF OKLAHOMA**